1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONYA DELPHINE JONES, | No. EDCV 10-1942 RGK (FFM) |
|         Petitioner, | ORDER RE SUMMARY |
|    v. | DISMISSAL OF ACTION WITHOUT PREJUDICE |
| JAVIER CAVAZOS, WARDEN, | |
|         Respondent. | |

Petitioner constructively filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") on or about October 21, 2010 in the United States District Court for the Eastern District of California. On December 15, 2010 the matter was transferred to this Court because plaintiff sustained her conviction in Riverside County, which is in the Central District of California. The Petition challenges petitioner's 2008 conviction and sentence for murder with a firearm enhancement.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies

available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel.  *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  A federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground.  *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Petitioner has the burden of demonstrating that she has exhausted available state remedies.  *See, e.g., Brown v. Cuyle*r, 669 F.2d 155, 158 (3d Cir. 1982). Here, it plainly appears from the face of the Petition that petitioner cannot meet this burden with respect to any of the claims being alleged by her.  Petitioner alleges that she has not filed any petition for collateral relief in the California Supreme Court.  Petitioner also alleges that she presented the following claims to the California Supreme Court on direct review of her conviction: (1) the trial court violated petitioner's due process and fair trial rights by asking the jury to reveal the issues they were unable to decide and by requesting the jury to affirm that they had decided that petitioner was guilty of murder before sending them back for

further deliberations; and (2) the trial court refused to give a jury instruction on imperfect self-defense.  (*See* Pet. p. 5 at ¶ 9d.)  Petitioner presents two entirely distinct claims in the Petition: (1) ineffective assistance of counsel regarding petitioner's right to be present at sentencing; and (2) her confession was involuntary because she was intoxicated when she confessed.

Because petitioner has not raised any of her present claims with the California Supreme Court, the Petition is entirely unexhausted.

If it were clear that the California Supreme Court would hold that petitioner's unexhausted federal constitutional claims were procedurally barred under state law, then the exhaustion requirement would be satisfied.[1]  *See Castille v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Johnson v. Zenon*, 88 F.3d at 831; *Jennison v. Goldsmith*, 940 F. 2d 1308, 1312 (9th Cir. 1991).  However, it is not "clear" here that the California Supreme Court will hold that petitioner's federal constitutional claims are procedurally barred under state law.  *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).

---

[1]  In that event, although the exhaustion impediment to consideration of petitioner's claims on the merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice."  *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

1       The Court therefore concludes that this is not an appropriate case for

2 invocation of either exception cited above to the requirement that a petitioner's

3 federal claims must first be fairly presented to and disposed of on the merits by

4 the state's highest court.

5       IT THEREFORE IS ORDERED that this action be summarily dismissed

6 without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

7 in the United States District Courts.

8       LET JUDGEMENT BE ENTERED ACCORDINGLY.

9

10 DATED: January 4, 2011

11                        R. GARY KLAUSNER

12                        United States District Judge

13 Presented by:

14

15 /S/ FREDERICK F. MUMM

16      FREDERICK F. MUMM

      United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28